## DAILEY v. REYNOLDS.

In an action of slander, words are *per se* actionable, where they charge a woman "of being a bad character," and "guilty of fornication;" and where such words were spoken falsely and maliciously of a *feme sole*, she is entitled to recover without averring or proving special damages.

### *Appeal from Lee District Court.*

*Opinion by* HALL, J.  The plaintiff in this case brought her action of slander against the defendant.  The petition sets out in addition to the usual inducement, that the plaintiff was, at the time of the speaking of the words by defendant, a school teacher, and was engaged in teaching female children, and relied upon such occupation and business, to gain a living.  The words charged as slanderous were "that she"—meaning plaintiff—"was not a virtuous woman." "That he," defendant, "believed from what he understood, that she was not a virtuous woman, but was guilty of fornication."  In an amended petition, the words are charged, that the defendant spoke and published of, and concerning plaintiff these words: "Miss Dailey, as he believed from information he had received, was a bad character, namely, that said Dailey, was guilty of fornication, and that he—defendant,—was well satisfied that such was the fact. That she, Miss Dailey, had taken hold of his—defendants—arm, and urged him into her room and had placed her arm around his neck, and wanted to kiss him.  That he told her it was not right and she replied there was no harm in it." The petition alleges as a consequence the loss of employment as a teacher, general injury to her character and great distress of mind and loss of health.

To this petition, the defendant demurred, on the ground that the words as charged, were not actionable *per se*, and that no special damages were alleged in the petition.  The demurrer was sustained as to the first count, but overruled as

Dailey *v.* Reynolds.

to the second on the ground that the allegation of loss of employment as a teacher, was sufficient to resist a demurrer. The defendant then moved the court for more specific allegations in relation to the loss of employment by defendant, as a teacher, which the court sustained. Exceptions were taken by plaintiff, and these rulings of the court, are now assigned for error.

In many of the states of this Union, and in England, it has been decided by the courts, that to charge a female with a want of virtue and chastity, is not *per se* actionable, and if this question is to be decided by the number of authorities, we would be compelled to sanction a proposition that would have nothing else to recommend it, and which society as now constituted shrink from, with a repugnance bordering upon horror. A female against whom the want of chastity is established, is at once driven beyond the reach of every courtesy and charity of life, and almost beyond the portals of humanity. By common consent, such an imputation is everywhere treated as the deepest insult and vilest, charge, that could be given or inflicted upon the victim or her friends, and the *bowie knife or the cord*, must wipe out the stain, and punish the offender. It is folly to contend that it is no violation of our penal laws, for a female to throw herself away by prostitution; and consequently, not slander falsely and maliciously to fix that character upon unprotected innocence. Our whole natures rise up in rebellion against such a revolting proposition.

The Code, § 2709, provides that, " if any man and woman not being married to each other, lewdly and lasciviously associate and cohabit together, or if any man or woman married or unmarried, is guilty of open and gross lewdness, &c., such person shall be subject to fine or imprisonment." The words set forth in this petition may not be sufficient to sustain an indictment against Miss Dailey, under this section of the Code. The charge is too general; but if it is true that she is guilty of fornication and adultery, if she is not a virtuous woman, and is of bad character, how

Dailey *v.* Reyno'ds.

much less is the charge, than a charge of lewd and lascivious association and cohabitation. Does it not in fact amount to both; and how much additional evidence would it require in order to convict her under this section of the Code? Reduce the general charge to particular evidence, prove to a jury that the defendant was guilty of fornication, prove that she was not a virtuous woman, that she had yielded her person to the promiscuous embraces of those who saw fit to solicit her to the act, and even become the solicitor herself; reduce those acts by particular evidence, and what jury would fail to convict her of lewd and lascivious associations and cohabitation. In either view of this case, we cannot but think the words charged in the petition, actionable *per se*, and they having been falsely and maliciously spoken of the plaintiff, by the defendant, she is entitled to recover damages, without proving special damages.

The judgment of the court below is reversed, and the cause remanded for trial.

Judgment reversed.

*Claggett* and *Dixon*, for appellant.

*Turner* and *Edwards*, for appellee.